IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| CHERYL GLOVER, | * |
| | * |
| Plaintiff, | * |
| | *   Civil No. TMD 17-2179 |
| v. | * |
| | * |
| | * |
| NANCY A. BERRYHILL, | * |
| Acting Commissioner of Social Security, | * |
| | * |
| Defendant.[1] | * |

************

**MEMORANDUM OPINION GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Cheryl Glover seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying her application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment (ECF No. 13) and Defendant's Motion for Summary Judgment (ECF No. 16).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that she is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Defendant's Motion for Summary

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

Judgment (ECF No. 16) is **GRANTED**, Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

I

**Background**

On February 10, 2016, Administrative Law Judge ("ALJ") Andrew M. Emerson found that Plaintiff was not disabled from July 13, 2012, through the date last insured of December 31, 2015. R. at 12-32. In so finding, the ALJ found that, through the date last insured, Plaintiff had several severe impairments. R. at 17. The ALJ found, however, that Plaintiff's "medically determinable mental impairments of an acute reaction to stress, depression and anxiety disorder, considered singly and in combination, did not cause more than minimal limitation in [her] ability to perform basic mental work activities through December 2015 and were therefore non-severe." R. at 19. In finding that Plaintiff's mental impairments were not severe, the ALJ noted that "no treating or examining mental health professional opined that [she] had any work-related limitations from a mental health impairment." R. at 21.

After determining that Plaintiff's impairments did not meet or medically an impairment listed in 20 C.F.R. pt. 404, subpt. P, app. 1, the ALJ determined that, through the date last insured, Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except she could occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs but could not climb ladders, ropes or scaffolds, had to avoid concentrated exposure to extreme cold, extreme heat, excessive vibration, and hazardous moving machinery and unprotected heights.

R. at 21-22.

The ALJ noted Plaintiff's testimony that "she experiences anxiety and has dark days on which she cannot function although she also testified that she experiences such days only once a

month." R. at 22. The ALJ found, however, that Plaintiff's "activities of daily living during the period at issue were also inconsistent with an individual who was experiencing disabling symptoms." R. at 25. The ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms but the statements concerning the intensity, duration and limiting effects of [Plaintiff's] symptoms are not entirely credible and are inconsistent with the totality of the evidence." R. at 27. The ALJ ultimately found that, through the date last insured, Plaintiff was capable of performing her past relevant work as a secretary/administrative assistant, leasing agent, community manager, and compliance liaison. R. at 27.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed a complaint in this Court on August 2, 2017, seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the

3

region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124 S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age,

education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir.

1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

## IV

### Discussion

Plaintiff contends that the ALJ erroneously assessed her RFC contrary to Social Security Ruling[4] ("SSR") 96-8p, 1996 WL 374184 (July 2, 1996). Pl.'s Mem. Supp. Mot. Summ. J. 3-10, ECF No. 13-1. Plaintiff maintains that the ALJ failed to perform properly a function-by-function assessment of her ability to perform the physical and mental demands of work. *Id.* at 5. In particular, she contends that the ALJ "failed to set forth a narrative discussion setting forth how the evidence supported each conclusion, citing specific medical facts and nonmedical evidence." *Id.* at 5-6. Plaintiff further asserts that the ALJ erroneously evaluated her mental impairments. *Id.* at 8-9. Plaintiff finally maintains that the ALJ failed to consider her fatigue and concentration in the ALJ's RFC assessment. *Id.* at 9-10. For the reasons that follow, Plaintiff's contentions are unavailing.

---

[4] Social Security Rulings are "final opinions and orders and statements of policy and interpretations" that the Social Security Administration has adopted. 20 C.F.R. § 402.35(b)(1). Once published, these rulings are binding on all components of the Social Security Administration. *Heckler v. Edwards*, 465 U.S. 870, 873 n.3, 104 S. Ct. 1532, 1534 n.3 (1984); 20 C.F.R. § 402.35(b)(1). "While they do not have the force of law, they are entitled to deference unless they are clearly erroneous or inconsistent with the law." *Pass*, 65 F.3d at 1204 n.3.

7

> SSR 96-8p explains how adjudicators should assess RFC and instructs that the RFC
>
> "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. "Only after that may [residual functional capacity] be expressed in terms of the exertional levels of work, sedentary, light, medium, heavy, and very heavy." The Ruling further explains that the residual functional capacity "assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."

*Mascio v. Colvin*, 780 F.3d 632, 636 (4th Cir. 2015) (alteration in original) (footnote omitted) (citations omitted). The Fourth Circuit has held, however, that a per se rule requiring remand when the ALJ does not perform an explicit function-by-function analysis "is inappropriate given that remand would prove futile in cases where the ALJ does not discuss functions that are 'irrelevant or uncontested.'" *Id.* (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013) (per curiam)). Rather, remand may be appropriate "where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Id.* (quoting *Cichocki*, 729 F.3d at 177). The court in *Mascio* concluded that remand was appropriate because it was "left to guess about how the ALJ arrived at his conclusions on [the claimant's] ability to perform relevant functions" because the ALJ had "said nothing about [the claimant's] ability to perform them for a full workday," despite conflicting evidence as to the claimant's RFC that the ALJ did not address. *Id.* at 637; *see Monroe v. Colvin*, 826 F.3d 176, 187-88 (4th Cir. 2016) (remanding because ALJ erred in not determining claimant's RFC using function-by-function analysis; ALJ erroneously expressed claimant's RFC first and then concluded that limitations caused by claimant's impairments were consistent with that RFC).

Plaintiff first contends that, by failing to set forth a narrative discussion while assessing her RFC, the ALJ did not comply with SSR 96-8p. Pl.'s Mem. Supp. Mot. Summ. J. 3-8, ECF No. 13-1. Contrary to Plaintiff's assertion, in assessing her RFC, the ALJ considered the treatment records, opinion evidence, hearing testimony, and her credibility (R. at 22-27). *See Chandler v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-12-2712, 2014 WL 457746, at *2 (D. Md. Jan. 31, 2014) ("[T]he ALJ provided approximately a four-page written narrative on her RFC alone, in which he summarized [the claimant's] hearing testimony, made a credibility determination, reviewed both the treatment records and the opinion evidence, and noted observations from the hearing. [The claimant's] boilerplate argument is therefore inapplicable in this case." (citation omitted)). Plaintiff's contention in this regard thus is unavailing.

Plaintiff next argues that the ALJ erroneously evaluated her mental impairments that allegedly cause "dark days" at least once a month when she is unable to get out of bed. Pl.'s Mem. Supp. Mot. Summ. J. 8-9, ECF No. 13-1 (citing R. at 43-44). The ALJ found, however, that her mental impairments were not severe because they did not cause more than minimal limitation in her ability to perform basis mental work activities through December 2015. R. at 19. In so finding, the ALJ found that Plaintiff had no limitation in activities of daily living; mild limitation in social functioning; and mild limitation in concentration, persistence, or pace. R. at 19-20. The ALJ made these findings on the basis of the medical evidence, Plaintiff's testimony regarding her activities of daily living, and the ALJ's observation of Plaintiff at the hearing (R. at 19-20). *See Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984) ("Because he had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight."). The ALJ also found that she had not experienced any episodes of decompensation of an extended duration. R. at 21. The

ALJ further noted that no treating or examining mental health professional had opined that Plaintiff had any work-related limitations from a mental health impairment. R. at 21.

Defendant contends that, because the ALJ found Plaintiff's mental impairments to be not severe, additional limitations were not required in the RFC assessment. Def.'s Mem. Supp. Mot. Summ. J. 11, ECF No. 16-1. "Even if the ALJ correctly deemed the condition to be non-severe, the ALJ has a duty to assess its impact, if any, on [Plaintiff's] RFC," however. *White v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-1663, 2015 WL 1522699, at *2 (D. Md. Apr. 2, 2015). In any event, "the ALJ's step two discussion thoroughly explained why the ALJ determined that [Plaintiff's] non-severe impairments did not limit [her] ability to work; accordingly, any error in the ALJ's RFC assessment with respect to those impairments was harmless." *Waibel v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-1465, 2015 WL 3753112, at *2 (D. Md. June 15, 2015). Notably, Plaintiff does not argue that substantial evidence does not support the ALJ's step-two finding; the ALJ's evaluation of Plaintiff's credibility regarding her subjective complaints, including the ALJ's consideration of Plaintiff's testimony about her "dark days"; or the ALJ's assessment of the impact of Plaintiff's side effects from medication. R. at 22-23, 25, 26. For these reasons, Plaintiff's arguments regarding the ALJ's evaluation of Plaintiff's mental impairments and side effects from medication are unavailing as well.

In sum, substantial evidence supports the decision of the ALJ, who applied the correct legal standards here. Thus, Defendant's Motion for Summary Judgment is **GRANTED**, Plaintiff's Motion for Summary Judgment is **DENIED**, and the Commissioner's final decision is **AFFIRMED**.

# V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 16) is **GRANTED**. Plaintiff's Motion for Summary Judgment (ECF No. 13) is **DENIED**. The Commissioner's final decision is **AFFIRMED**. A separate order will issue.

Date: September 27, 2018                                /s/
                                                Thomas M. DiGirolamo
                                                United States Magistrate Judge